JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASPER CROOK, | ) | Case No. ED CV 19-1957-SP |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING ACTION AS MOOT IN LIGHT OF SETTLEMENT AGREEMENT |
| BURNS AND TAYLOR, LLC, et al., | ) | |
| Defendants. | ) | |

On October 11, 2019, plaintiff Jasper Crook, proceeding pro se, filed a civil action against defendants Burns and Taylor, LLC, Gary Burns, and Frank Muratalla alleging defendants violated the Fair Labor Standards Act by committing fraud, unfair business practices, a breach of implied covenant of good faith, intentional infliction of emotional distress, and wrongful termination. On November 1, 2019, the parties reached a settlement agreement in which plaintiff agreed to release all claims against defendants and dismiss this action with prejudice.

On November 18, 2019, plaintiff filed a document titled Stipulation Dismissing Action pursuant to the settlement agreement reached by the parties, but it was signed only by plaintiff, and thus did not in fact constitute a stipulation of the parties. The court informed plaintiff he could simply file a notice of voluntary

dismissal, but plaintiff did not do so.  Instead, the parties filed a joint status report on January 29, 2020, stating plaintiff would like the court to hold the case open until all terms of the settlement have been satisfied, and defendants did not object to this.  As such, the court allowed the case to remain open, but ordered the parties to file a further status report informing the court of whether they are still working to satisfy the terms of the settlement, how long they expect this might take, and any other matters about which they wish to update the court.

On June 25, 2020, defendants filed a further status report asking the court to dismiss the case as moot in light of the settlement agreement reached by the parties.  *See* Defendants' Further Status Report at 1, Declaration of David M. Saldana ("Saldana Decl.") ¶ 3, Ex. A.  On June 26, 2020, plaintiff filed a further status report asking the court to hold the case open on the ground that defendants had not yet satisfied their obligations under the settlement agreement to pay for defendant Frank Muratalla's attendance at a management training and provide plaintiff with labor contracts in the minimum sum of $20,000.  *See* Plaintiff's Further Status Report at 1-2.  But defendants counter that there is no reason to leave the case open, since the settlement agreement gives defendants two years to satisfy its requirement of providing plaintiff with labor contracts, and there was no time limit set for defendant Frank Muratalla's attendance at a management training.  *See* Saldana Decl. ¶ 5, Ex. A at 2.

Under Sections 2 and 3 of the settlement agreement, plaintiff agreed to release all claims against defendant and tender a stipulation dismissing this action with prejudice once defendants paid him four cash payments in the amount of $3,125.00, which constitutes full compensation for all of plaintiff's claims, including claims for salary, back and front pay, benefits, emotional distress, and costs.  *See id.* ¶ 8, Ex. A at 1-3.  There is no dispute that defendants have satisfied all of the terms of Section 2 under the settlement agreement.  *See id.*; Plaintiff's Further Status Report at 1.  Further, defendants state they intend to fully satisfy the

other terms of the settlement agreement by its stated deadlines, including providing plaintiff with labor contracts in the minimum sum of $20,000 over a two-year period. *See* Saldana Decl. ¶¶ 5-6, Ex. D. As such, pursuant to Section 3 of the settlement agreement, plaintiff was required to provide a stipulation dismissing this action with prejudice. *See id.* ¶ 8, Ex. A at 2-3.

Based on the record before the court – including the declaration statements and the settlement agreement – the court concludes there is no live "case or controversy" for the court to resolve in light of plaintiff's release of his claims alleged in this lawsuit. *See Shaw v. Jar-Romana Plaza, LLC*, 2015 WL 1275294, at *6 (C.D. Cal. March 16, 2015), *aff'd*, 673 Fed. Appx. 774 (9th Cir. 2017) ("[W]here a settlement agreement has released defendant 'from any liability for the claims in this action, no 'case or controversy' remains and this Court is without subject matter jurisdiction to reach the merits.' Indeed, logic suggests that the removal of a plaintiff's standing to sue is the precise purpose of a settlement agreement.") (internal citation omitted); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 556-57 (9th Cir. 2010) (dismissing as moot claim for attorneys' fees and costs of one plaintiff who released all claims against defendant through a settlement). Accordingly, as a result of the settlement agreement, the court now lacks subject matter jurisdiction over the claims alleged in this action.

IT IS THEREFORE ORDERED that this action is dismissed as moot in light of the settlement agreement reached by the parties.

Dated: July 28, 2020

_____
SHERI PYM
United States Magistrate Judge